UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LINWOOD FIELDS, | ) | CASE NO. 5:06 CV 2138 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES OF AMERICA, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On September 5, 2006, plaintiff pro se Linwood Fields filed this action to include both Bivens[1] claims and claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §2671, against the United States, Elkton, Ohio Federal Correctional Institution ("FCI-Elkton") Warden T.R. Sniezek, FCI-Elkton Captain Odom, FCI-Elkton Lieutenant Tagget, and FCI-Elkton Corrections Officer E. Lathrop. In the complaint, plaintiff alleges that the defendants failed to protect him from an assault by other inmates and then were deliberately indifferent to his serious medical needs following the assault. He seeks monetary damages.

**Background**

Mr. Fields alleges that he was assaulted by two inmates in the FCI-Elkton general

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

maintenance shop. He indicates that the maintenance shop was unstaffed on Mondays because the supervisor, Corrections Officer Lathrop, was stationed at the perimeter's main entrance approximately 40 yards away. He contends that he informed Officer Lathrop on prior occasions that he had been "having some problems with" two inmates assigned to work in the shop but was told nothing could be done. (Compl. at 4.3) At 7:00 a.m. on January 31, 2005, the two inmates allegedly took advantage of Mr. Lathrop's absence and attacked Mr. Fields. Mr. Fields contends that the assault continued for ten minutes before Officer Lathrop arrived and yelled "break it up." (Compl. at 4.3) Even with the verbal command, the inmates did not immediately halt their attack. Mr. Fields alleges that Mr. Lathrop called for assistance but did not intervene on his own to stop the altercation. Mr. Fields contends that during this time, Inmate Diaz rushed him from behind and hit him in the head with an unidentified object causing him to fall to the floor in a semi-conscious state. Assistance arrived minutes later and the altercation was dispersed. Mr. Fields was taken to St. Elizabeth's Hospital in Youngstown, Ohio where he was treated and released for bruising to the scalp, and strained muscles and ligaments in the neck.

When he returned to FCI-Elkton later that day, Mr. Fields was placed in the segregation unit of the prison and was given an incident report for fighting. He claims Officer Lathrop manipulated the facts to avoid personal liability. He contends that Captain Odom, as the chief security officer at the institution, failed to ensure Mr. Fields's safety and refused to release Mr. Fields from segregation. Mr. Fields indicates that this interfered with his ability to attend to his medical injuries. Lieutenant Tagget is the senior officer in charge of the segregation unit. Mr. Fields states he sent several letters to Lieutenant Tagget regarding "the treatment he was receiving while in segregation" but was not released into the general prison population. (Compl. at 4.6) He

claims that Warden T.R. Sniezek received communications and grievances from Mr. Fields. He contends:

> "Sniezeks['s] failure to provide or otherwise procure adequate assistance to assist plaintiff, proximately caused plaintiff the opportunity to seek adequate medical treatment for his injuries sustained by the assault from other inmates and to prevail and show cause that plaintiff should not have been placed in segregation for approximately nine(9) months."

(Compl. at 4.7). He claims the United States is liable under the FTCA for Officer Lathrop's failure to provide protection to inmates in his work area, Captain Odom's failure to provide adequate supervision, Warden Sniezek's failure to direct Officer Lathrop and Captain Odom to provide protection to inmates, Lieutenant Tagget's failure to respond to "formal request[s]" while in the segregation unit, and Lieutenant Tagget's failure to provide a response to his medical requests. Mr. Fields seeks $ 55,000.00 from the United States, $ 55,000 from Officer Lathrop, $ 25,000 from Warden Sniezek, $ 20,000 from Captain Odom, and $ 55,000 from Lieutenant Tagget.

### **Exhaustion of Administrative Remedies - Bivens Claims**

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The

prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement.  See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001).  In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13.  If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14.  If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director.  28 C.F.R. § 542.15.  An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel.  28 C.F.R. § 542.15.  The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

Mr. Fields has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances and includes only general conclusory statements of exhaustion in his pleadings.  He states an Informal Resolution (BP-8) form was filed on August 30, 2005, an Administrative Remedy (BP-9) form was filed on September 9, 2005 and BP-10 and BP-11 forms were also filed.  He contends that the BP-8 received no response while all others were denied.  Mr. Fields not indicate the contents of these grievances, against whom they were filed, and the reason each was denied.  The court notes that the Informal Resolution form was not submitted until August 30, 2005, seven months after the

assault occurred.  The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred 28 C.F.R. §542.14.  If the grievance submitted concerned the assault, it would have been untimely.  Where the prisoner's grievance is denied as untimely, it has not been properly exhausted, and the prisoner may be procedurally barred from bringing that claim in federal court.  Woodford v. Ngo, 126 S.Ct. 2378, 2382-83 (2006).  If the grievance concerned another incident, there is insufficient information to determine whether it pertained to one of the other claims contained in this pleading.  General allegations of exhaustion are not sufficient to satisfy the mandates of § 1997e.  Brown, 139 F.3d at 1104.  The inmate bears the burden of establishing exhaustion of administrative remedies.  Id.  Mr. Fields has not satisfied that burden.

### Exhaustion of Administrative Remedies - FTCA

The FTCA provides the exclusive jurisdictional basis for tort claims against the United States.  Before a party may bring such an action, however, the claim must first be submitted in writing to the proper federal agency. 28 U.S.C. § 2675(a).  The administrative prerequisites of § 2675 are met if the claimant (1) gives the agency written notice of his or her or claim that is sufficient to enable the agency to investigate and (2) places a value on the claim.  Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981).  An FTCA plaintiff must demonstrate exhaustion of administrative remedies in his pleading.  See Joelson v. United States, 86 F.3d 1413, 1422 (6th Cir.1996).  If he fails to do so, dismissal is appropriate.  See, e.g., McNeil v. United States, 508 U.S. 106, 113 (1993); Wilson v. United States, 93 Fed. App'x 53, 54 (6th Cir. Mar.10, 2004); Pryor Oil Co. v. United States, 299 F.Supp.2d 804, 810 (E.D.Tenn. Oct.27, 2003).

Mr. Fields also fails to demonstrate exhaustion of his remedies under the FTCA. He states that "[o]n January 15, 2006, plaintiff submitted to the Northeast Regional Office, United States Department of Justice Form 95, the standard tort form required for monetary damages in personal injuries claims to an agency. On July 10, 2006, the damages request was denied by Henry J. Sadowski, Regional Counsel." (Compl. at 4.) This statement fails to convey which of Mr. Fields many claims was submitted on the form, whether the form placed a value on his claim, or why the request was denied.[2] Mr. Fields does not attach a copy of his Form 95, nor the response he received from the Bureau of Prisons. Absent this information, he cannot proceed with a claim under the FTCA.

## **Conclusion**

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e and 28 U.S.C. § 2675. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: November 30, 2006
                                           *s/ James S. Gwin*
                                           JAMES S. GWIN
                                           UNITED STATES DISTRICT JUDGE

---

[2] Title 28 U.S.C. § 2672 dictates that a claim must be presented to the head of an agency or his or her designee. It is not clear whether Mr. Fields's claim was rejected because he submitted it to the Regional Office rather than to the Bureau of Prisons General Counsel in Washington, D.C., or whether there was some other reason for its denial.

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

6